IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL S. SMITH, | ) | CASE NO. 1:08 CV 1141 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN OF MANSFIELD | ) | |
| CORRECTIONAL INSTITUTION, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## Introduction

Before me by referral[1] is the *pro se* petition of Michael S. Smith for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  Smith is presently incarcerated at the Mansfield Correctional Institution in Mansfield, Ohio, where he is serving concurrent sentences of six years and three years imprisonment[3] imposed in 2005 by the Cuyahoga County Court of Common Pleas after Smith had pled guilty to one count of felonious assault and one count of aggravated burglary.[4]

---

[1] This matter was referred to me pursuant to Local Rule 72.2 by non-document entry dated June 3, 2008.

[2] ECF # 1.

[3] Smith is also incarcerated under a seven-year sentence in another Cuyahoga County case, Case No. CR 469626, which is to be served concurrently with the sentences in the present case.  ECF # 10 (state court record) at 11.  Both sentences also require that Smith be subject to three years of post-release control.

[4] *Id*. at 3.

Essentially, in this petition Smith contends that he was wrongfully denied the right to withdraw his guilty plea prior to sentencing, as well as arguing further that it was improper to sentence him on both charges and that his trial counsel was ineffective.  The State, in response, maintains first that Smith procedurally defaulted his claim as to improper sentencing and most claimed instances of ineffective assistance.  Moreover, it contends that all three claims should be denied on the merits.

For the reasons that follow in this procedurally tangled case, I will recommend dismissing this petition in part and denying it in part.

## Facts

### A.    Background facts

The state appeals court set forth the background facts[5] to this case [6] as follows:

> On June 28, 2005, [Smith] was indicted in Case No. 46734 for aggravated burglary and felonious assault in connection with the June 8, 2005 attack on Stephen Paulo.  He pled not guilty but later entered into a plea agreement with the state whereby he pled guilty to reduced charges of attempted aggravated burglary and attempted felonious assault.  Prior to sentencing, [Smith] moved to disqualify his counsel and withdraw his guilty pleas.  Following a hearing, the trial court denied both motions.  [Smith] was later sentenced to six years of imprisonment plus three years of post release control.[7]

---

[5] Facts found by the state appeals court on its review of the record are presumed correct by the federal habeas court.  *See*, 28 U.S.C. § 2254(3)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[6] This case and a related case were consolidated for purposes of appeal.  *State v. Smith*, Nos. 87255 & 87366, 2006 WL 3446219, at *1 (Ohio Ct. App. Nov. 30, 2006).

[7] *Id.*

**B.      Direct appeal**

*1.      The court of appeals*

Following his conviction and sentencing, Smith timely filed a *pro se* notice of appeal.[8]
However, because Smith had not also included a copy of the record with his notice of appeal,
the appeal was dismissed *sua sponte* by the appeals court.[9] After Smith moved for
appointment of counsel, a motion which the appellate court treated as a motion to reinstate
the appeal, counsel was appointed and the appeal reinstated.[10]

Now represented by counsel, Smith raised the following three assignments of error
in relation to this case:[11]

1.      The trial court's refusal to grant appellant's motion to withdraw his
       guilty plea was an abuse of discretion and reversible error.

2.      Based on *State v. Foster* Michael Smith is entitled to be re-sentenced
       under the current interpretations of Ohio's sentencing laws.

3.      *Blakely v. Washington* dictates that the only allowable sentence is the
       minimum (i.e. two (2) years and one (1) year respectively).[12]

---

[8] ECF # 10 at 12-20.

[9] *Id*. at 26.

[10] *Id*. at 27.

[11] As noted, this was a consolidated appeal with another related case.  These
assignments of error relate only to the current case.

[12] ECF # 10 at 31.

The State filed its brief in opposition,[13] contending first that, because Smith was found to be represented by competent defense counsel at the time he entered the plea, and further because the trial court conducted a full hearing prior to accepting the plea, the denial of the motion to withdraw the plea was not improper.[14]  The State also argued that Smith's sentence was correct.[15]

The appeals court thereupon affirmed the conviction, overruling Smith's assignment of error related to his guilty plea.[16]  However, in light of the Ohio Supreme Court's decision in *State v. Foster*,[17]  the case was remanded for re-sentencing.[18]

## 2.    *The Ohio Supreme Court*

Subsequent to the appellate court decision, but prior to being re-sentenced on remand, Smith, *pro se*, filed a notice of appeal with the Supreme Court of Ohio.[19]   In his

---

[13] *Id*. at 95-106.

[14] *Id.* at 102.

[15] *Id*. at 105.

[16] *Id*. at 129-31.

[17] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

[18] ECF # 10 at 131-32.

[19] *Id*. at 138-39.

memorandum in support of jurisdiction, Smith appears to raise[20] the following two propositions of law:

1.      The trial court erred in denying the motion to withdraw the guilty plea when the defendant demonstrated that he had an affirmative defense to one of the charges and was innocent of the other, as well as did not understand the nature of the plea agreement.

2.      Appellate counsel was ineffective for not arguing on appeal that trial counsel was ineffective for:  (a) not raising an issue as to an alleged broken plea agreement that involved probation instead of incarceration, and (b) not challenging the sentence as involving allied offenses of similar import.[21]

The State waived a response,[22] and, on March 28, 2007, the Supreme Court of Ohio denied leave to appeal, dismissing the appeal as not involving any substantial constitutional question.[23]

## C.      Rule 26(B) application

While Smith's direct appeal was still pending, Smith filed a timely motion to reopen his combined appeal.  In this motion, despite raising numerous grounds of ineffective assistance of counsel concerning the related case, Smith raised only a single issue as to the case here at issue.  Specifically, Smith argued that sentencing him for both attempted

---

[20] Smith raises his arguments in the form of a narrative that does not strictly follow the format of individual propositions of law.  *See*, *id.*, at 142.  Thus, I have attempted to formulate Smith's particular grounds for relief from the narrative solely for the purpose of this document.

[21] *See*, *id*. at 142.

[22] *Id*. at 161.

[23] *Id.* at 162.

aggravated burglary and attempted felonious assault violated "due process" and "double jeopardy" in that both charges are "allied offenses."[24]

The State, in response, addressed only the ineffective assistance arguments pertaining to the other case,[25] choosing not to respond to the allied offenses argument concerning Smith's sentence in this case.[26]  The Ohio appeals court denied Smith's application to reopen by noting that Smith's ineffective assistance of counsel arguments from the related case were barred by *res judicata*, or, alternatively, without merit.[27]  The appeals court also observed in connection with Smith's allied offenses argument that this argument would not have resulted in a reversal of his guilty plea or conviction.[28]

Apparently, Smith did not file an appeal from the denial of this motion to reopen with the Ohio Supreme Court.[29]

---

[24] *Id*. at 168.

[25] Likewise, the State here does not distinguish in its return of the writ between the ineffective assistance of counsel arguments raised in Smith's Rule 26(B) petition that arise from the related case and the single allied offenses argument that pertains to this case.  The State appears to relate the Rule 26(B) petition as being entirely concerned with the case now the subject of this habeas petition.  *See*, ECF # 8 at 4.

[26] ECF # 10 at 180-83.

[27] *Id*. at 190.

[28] *Id*.

[29] *See*, ECF # 8 at 4.

**D.     Petition to vacate sentence**

Before filing his Rule 26(B) petition, and while his direct appeal pended before the

state appeals court, Smith, *pro se*, filed a petition in the trial court to vacate or set aside his

sentence.[30]  In his complex, hand-written petition,[31] Smith argues that he was denied the

effective assistance of trial counsel in that:

> (1)     counsel did not file an immediate appeal from the trial court's denial of
> the motion to withdraw the guilty plea, despite knowledge that Smith
> desired such an appeal;[32]
>
> (2)     counsel did not put the terms of the negotiated plea agreement on the
> record prior to sentencing or object when the sentence was a breach of
> that agreement;[33]
>
> (3)     counsel failed to require that the trial court determine prior to accepting
> the plea or sentencing if attempted aggravated burglary and attempted
> felonious assault were allied offenses of similar import;[34]
>
> (4)     counsel failed to object to Smith being sentenced for both crimes when
> both were allied offenses;[35]

---

[30] ECF # 10 at 191-204.

[31] In 13 pages, Smith essentially lists 91 separate federal ands state cases, followed by
a brief summary of each, together with citations to numerous statutes and court rules,
arranged under ten headings for different allegations.

[32] ECF # 10 at 195.

[33] *Id*.

[34] *Id*. at 196. These are listed as two distinct claims by Smith in his motion.

[35] *Id*. at 197.

(5)    counsel was ineffective for not investigating Smith's factual claims as to what occurred, such as not visiting the crime scene to compare photos taken by Smith with alleged damage to the crime scene;[36]

(6)    counsel was ineffective by not interviewing Chris Stokes, who allegedly was a witness who could have supported Smith's version of events, and by not independently interviewing the police officers involved;[37]

(7)    counsel was ineffective for refusing to share discovery material with Smith until after he accepted the plea, despite being requested to do so;[38]

(8)    counsel was ineffective for not seeking an expert to obtain DNA testing on blood found in the hallway that could have proved the victim was not truthful;[39]

(9)    counsel was ineffective for not investigating Smith's mental disability or mental history of being bi-polar, in that because he was off his medication for a long period of time, he was not capable of understanding the plea;[40] and

(10)   counsel was ineffective by "lying to [Smith] and pressuring him to plead guilty," representing that we would receive a suspended sentence.[41]

After filing this petition to vacate his sentence, and before any responsive pleading by the State was filed, Smith filed a motion to amend,[42] together with a memorandum in

---

[36] *Id.* at 197-98.

[37] *Id.* at 199.

[38] *Id.*

[39] *Id.* at 200.

[40] *Id.*

[41] *Id.* at 201.

[42] *Id.* at 206.

support.[43]  In addition, on the same day, Smith, *pro se*, also filed what is styled as a motion to supplement his previously filed motion to vacate,[44] along with an affidavit in support.[45]

These filings appear to be an attempt first to consolidate his previously filed claims concerning ineffective assistance of trial counsel into fewer, more focused claims.[46]  They also appear to include a new motion to supplement his prior filing to include new evidentiary material going to the charges of ineffective assistance of counsel, beginning with an affidavit from Smith relating his version of how his attorney performed, with references to supporting letters.[47]

The State filed a brief opposing Smith's attempt to supplement the petition with new factual evidence of ineffective assistance, arguing that any new evidence was previously available at the time the original post-conviction petition was filed and so should be barred by *res judicata*.[48]  On the same day, the State also filed a brief opposing the original request for post-conviction relief alleging ineffective assistance of counsel, contending that:  (1) no

---

[43] *Id*. at 207-13.

[44] *Id*. at 226-27.

[45] *Id*. at 228-34.

[46] Again, the difficulty here is that, although the number of claims is reduced from 10 to 8, and there are numerous redactions from the previously filed claims, Smith does not state precisely the intent of the motion, leaving the reader to surmise it from the apparent differences with the prior motion.

[47] *See*, *e.g.*, ECF # 10 at 227.

[48] *Id.* at 273-74.

evidence exists in the record to support the claims of ineffective assistance, and (2) Smith's claim that his plea was coerced is rebutted by the record of the plea hearing.[49]

The trial court denied Smith's petition without comment and without making any findings of fact or stating any conclusions of law.[50]  After Smith appealed,[51] the Ohio appeals court *sua sponte* dismissed the appeal because the trial court had not entered findings of fact and conclusions of law as required.[52]

After this decision, Smith apparently then received from the state trial court its findings of fact and conclusions of law in support of its order dismissing Smith post-conviction petition and sought to re-file his appeal.[53]  However, this notice of appeal was apparently dismissed *sua sponte* as untimely.[54]  Smith did not move for reconsideration or to file a delayed appeal.[55]

-------------------

[49] *Id*. at 275-83.

[50] *Id*. at 284.

[51] *Id*. at 285-92.

[52] *Id.* at 301-03.

[53] *See*, ECF # 20 at 2.

[54] *Id*.  This information as to the procedural history of Smith's post-conviction petition is contained in Smith's response to my order of June 2 (ECF # 19) to show cause why the stay entered on March 30 (ECF # 18) should not be dismissed.  The stay has been dismissed by non-document order issued with this report and recommendation inasmuch as the dismissal for untimeliness of Smith's appeal from the denial of his post-conviction petition removes any issue of non-exhaustion.

[55] *Id*.

-10-

**E.      Re-sentencing**

Pursuant to the original decision on direct appeal, Smith was re-sentenced in 2007 to his original sentence of six years for attempted aggravated burglary and three years for attempted felonious assault, with the sentences to run concurrently and with three years of post-release control.[56]  Smith did not appeal from his re-sentencing.[57]

**F.      Federal habeas petition**

***1.      The petition***

In his federal habeas petition, Smith asserts the following grounds for relief:

1.      Trial court's abuse of discretion by denying defendant's motion to withdraw guilty plea before sentencing.

Supporting facts:  I asked counsel to file motion to withdraw, he refused.  I filed one pro se.  At the hearing, I told the judge I didn't fully understand the plea bargain or the legal proceedings and legal jargon.  I tried to tell the judge I had a defense and trial counsel misrepresented me.  I asked trial counsel to get D.N.A. testing done. He refused. I gave counsel pictures of my door and the victim's door. These weren't investigated.  A witness across the street seen (sic) the victim and acquaintance and myself sit on the curb for 3 to 3 1/2 hours after the fight.  Those were all things and more I felt would help me prove my innocence.  Trial counsel misrepresented me because he wouldn't help with anything and pressured me to accept a plea bargain. I might not of (sic) said everything I needed to say in court in detail, but this is what I was trying to say.  I'm nervous in court.[58]

2.      Trial court in error sentenced defendant wrongfully.  Indicted charges and negotiated plea charges are allied offenses of similar import.

---

[56] ECF # 10 at 305-06.

[57] *See*, ECF # 8 at 5.

[58] ECF # 1 at 6.

Supporting facts:  The charge Agg. Burglary has hurting another included in as (sic) part of making it Agg. Burglary.  Felonious Assault was committed as part of Burglary making it one single crime.[59]

3.     Trial counsel's ineffective assistance.

Supporting facts:  #1   Counsel did not investigate the crime, or crime scene.  Defendant gave pictures to counsel that showed both apartment doors and blood leading from defendant's door to the victim's. Counsel failed to investigate defendant's version of what transpired giving no affirmative defense.  Counsel failed to investigate if there were repairs made to the victim's door.

#2     Counsel failed to interview or subpoena a key witness.

#3     Counsel ignored and refused to file for expert assistance as requested to have D.N.A. testing done.

#4     Counsel withheld discovery package from the defendant.

#5     Counsel refused to request the court to consider allied offenses of similar import.

#6     Counsel failed to object and file an appeal when the court sentenced defendant in error or (sic) charges that didn't involve separate animus or separate conduct in violation of allied offenses.

#7     Counsel lied and pressured defendant into accepting a plea bargain telling defendant he's (sic) receive probation.

#8     Counsel failed to object to sentencing or file an appeal when the court breached the plea agreement at sentencing.

#9     Counsel did not investigate defendant's mental disability.

#10   Counsel failed to file an appeal when trial counsel (sic) denied motion to withdraw.[60]

---

[59] *Id*. at 8.

[60] *Id.* at 9.

**2.    *The State's return of the writ***

In its return of the writ, the State, after initially contending that Smith procedurally defaulted his claims in ground two (wrongful sentence) and most of ground three (ineffective assistance of trial counsel), argues that his claim in ground one (withdrawal of the guilty plea) was decided against Smith by the state appeals court in a decision that was not an unreasonable application of clearly established federal law and that the remaining claims are without merit under a *de novo* review.[61]

**3.    Smith's traverse**

Smith, in his traverse,[62] argues first entirely as a matter of Ohio law[63] that the trial court abused its discretion in refusing to grant his motion to withdraw.  He further reiterates, as to ground two, that because attempted aggravated burglary and attempted felonious assault are, under Ohio law, allied offenses of similar import, he may not be sentenced under both offenses.[64]  Finally, he contends that any procedural default on elements of his third ground of ineffective assistance of trial counsel should be overlooked because, while he admittedly has "made mistakes" by "not fully understanding" the proceedings in state court, he has

---

[61] ECF # 8 at 11-23.

[62] ECF # 15.  Smith captioned the traverse as his response to the State's return of the writ.

[63] All the case citations and argument concerning ground one pertain to Ohio law, although Smith, in his final paragraph, notes that due process is a federal constitutional right. *See*, ECF # 15 at 1-3.

[64] *Id*. at 3-5.

"learned from his mistakes and requests this Court to still honor" the claims of ineffective assistance.[65]

## Analysis

### A.    Preliminary matters

Before proceeding further, I note that the State concedes that this petition is timely filed pursuant to the applicable one-year limitation standard of 28 U.S.C. § 2244(d). Specifically, Smith's conviction was final 90 days after his direct appeal was dismissed by the Supreme Court of Ohio on March 28, 2007; or, stated differently, the one-year period for filing his habeas petition commenced on June 26, 2007.  This petition was filed on April 18, 2008, and is thus timely.

Moreover, I also note, as detailed earlier, that Smith is now, and was at the time he filed the petition, incarcerated by the State of Ohio at the Mansfield Correctional Institution by reason of his guilty plea to two violations of Ohio law accepted in state court.  As such, Smith satisfies the "in custody" requirement of federal habeas law.

In addition, despite some uncertainty in the record at the time the petition was filed as to possible pending state court proceedings that conceivably could have raised exhaustion issues,[66] Smith's response to my order to show cause established that his appeal from the

---

[65] *Id.* at 5-17.

[66] *See*, ECF # 3 (Smith's motion to stay); ECF # 18 (order granting a conditional motion to stay); ECF # 19 (order to show cause why the conditional stay should not be lifted); and ECF # 20 (Smith's response to the order to show cause).

denial of a motion to vacate – which appeal was described as pending – has actually been denied as untimely filed.  Thus, there are no pending state actions and so no potential issues as to exhaustion of remedies.

Finally, although Smith is currently pursuing another habeas petition in this Court as to the related state court conviction that was part of his consolidated appeal with this case,[67] a review of the claims asserted in that other habeas action reveals that they do not constitute a second or successive petition to this one.  In the first instance, Smith filed both habeas actions on the same day.  Further, and more importantly, Smith went to trial in the related case, and did not enter a plea of guilty, as here.  Accordingly, the issues presented in the other habeas petition concern specific errors alleged to have occurred at trial and in the appeal from the trial,[68] not those, as asserted here, arising from acceptance of a guilty plea.

**B.      Procedural default**

Under the doctrine of procedural default, the federal habeas court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or due to some other violation of a state procedural rule.[69]

---

[67] *See*, Case No. 1:08-cv-01010.

[68] *See*, *id*. at ECF # 1.

[69] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

    (1)     Does a state procedural rule exist that applies to the petitioner's claim?

    (2)     Did the petitioner fail to comply with that rule?

    (3)     Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

    (4)     Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[70]

In addition to establishing these elements, the state procedural rule must be shown to be (a) firmly established and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[71]

If a procedural default is established, the default may be overcome if the petitioner can show cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation.[72]  In addition, procedural default may also be excused by a showing of actual innocence.[73]

---

[70] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[71] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[72] *Deitz v.Money*, 391 F.3d 804, 808 (6th Cir. 2004).

[73] *Id*.

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[74] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[75] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[76]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts are not required to consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[77] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[78]

## C.    Standards of review

### 1.    *Review where the state court has not addressed a federal claim*

Where the state court has adjudicated a claim on the merits, but has done so with little or no analysis of the underlying federal constitutional issue, the Sixth Circuit has held that

---

[74] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[75] a*United States v. Frady*, 456 U.S. 152, 170 (1982).

[76] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[77] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[78] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

the federal habeas court should accord the state decision a "modified" form of AEDPA deference.[79]  Under that standard of review, the court must first conduct a careful and independent review of the record and applicable law, and then not reverse the state decision unless it is contrary to or an unreasonable application of clearly established federal law.[80]  However, where the state decision did not reach the merits of the claim, the pre-AEDPA standard of *de novo* review remains.[81]

## 2.    *Non-cognizable claim/state law*

The federal district court reviewing a petition for habeas relief "is not a super appellate court."[82]  Rather, the federal habeas relief is explicitly confined by statute only to circumstances where the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."[83]  Therefore, to the extent a habeas claim is predicated only on a violation of state law, the petitioner has failed to state a cognizable claim for federal habeas relief.[84] This has been recently re-emphasized by the Sixth Circuit which stated, "'errors in the application of state law ... are usually not cognizable in federal habeas corpus.'"[85]

---

[79] *Davie v. Mitchell*, 549 F.3d 297, 315 (6th Cir. 2008).

[80] *Id.*

[81] *Brown v. Smith*, 551 F.3d 424, 430 (6th Cir. 2008).

[82] *Langford v. Bradshaw*, No. 1:05-cv-1487, 2007 WL 1299214, at *3 (N.D. Ohio April 30, 2007).

[83] 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

[84] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[85] *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (quoting *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983).

A perceived error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the petitioner being denied "fundamental fairness" at trial.[86] However, the Supreme Court has made clear that it defines "very narrowly" the category of infractions that it considers to violate "fundamental fairness."[87]  Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[88]  Moreover, it is the petitioner who must bear the burden of showing that a principle of fundamental fairness was violated.[89]

**3.      *Guilty plea***

*a.      Elements of a valid plea*

A solemn declaration of guilt by a defendant carries a presumption of truthfulness.[90] As a result, the "subsequent presentation of conclusory allegations [in derogation of the plea] unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."[91]

---

[86] *Id*.

[87] *Bey*, 500 F.3d at 522 (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)).

[88] *Id*. at 521 (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).

[89] *Id*.

[90] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

[91] *Id*.

It is well-settled that a guilty plea is valid if it is entered knowingly, voluntarily and intelligently,[92] as determined under the totality of the circumstances.[93]  The state bears the burden of showing that the plea was knowing, voluntary and intelligent.[94]  Customarily, this burden is met by the state producing a transcript of the plea hearing evidencing that the plea was constitutionally valid.[95]

To be considered a "knowing" plea, the Constitution requires, among other things, that a defendant be informed about all the direct consequences of the plea.[96]  The maximum possible sentence is a direct consequence of a plea,[97] but neither a conviction's possible enhancing effect on subsequent sentences[98] nor on eligibility for parole[99] are direct consequences of a plea.

b.    *Ineffective assistance of counsel in context of guilty plea*

It is well-settled that a guilty plea may be found to have been unknowingly or involuntarily entered if it was induced by the ineffective assistance of trial counsel.[100]  To

---

[92] *Bradshaw v. Stumph*, 545 U.S. 175, 183 (2005).

[93] *Brady v. United States*, 397 U.S. 742, 749 (1970).

[94] *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

[95] *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004).

[96] *Brady*, 397 at 755.

[97] *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991).

[98] *King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir. 1994).

[99] *McAdoo*, 365 F.3d at 495.

[100] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

prevail on a claim that a plea was invalid because of ineffective counsel, the petitioner must proceed according to the well-known rubric set forth in *Strickland v. Washington*.[101]

Specifically, in the context of a guilty plea, *Strickland* requires that the petitioner show both that:  (1) his counsel provided constitutionally deficient representation during the plea process, and (2) such deficient representation resulted in prejudice to the petitioner.[102] Both prongs of the test must be met, but the habeas court is not required to analyze both aspects if it is clear that the petitioner cannot establish one prong.[103]

With respect to the first *Strickland* prong, the reviewing court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all decisions in the exercise of reasonable professional judgment."[104]  In that regard, the habeas court must not indulge in hindsight, but must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors.[105]

To prove prejudice in the context of a guilty plea, the petitioner must establish that there is a reasonable possibility that, but for counsel's alleged errors, he would not have entered the plea but instead would have insisted on going to trial.[106]  In this respect, a

---

[101] *Id*. at 57-58 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

[102] *Id.* at 58-59.

[103] *Baze v. Parker*, 371 F.3d 310, 321 (6th Cir. 2004).

[104] *Strickland*, 466 U.S. at 690.

[105] *Id*.

[106] *Hill*, 474 U.S. at 59.

"defendant challenging his attorney's conduct during plea bargaining, moreover, 'must show that counsel did not attempt to learn the facts of the case and failed to make a good faith estimate of a likely sentence.'"[107]

c.      *Negotiated plea*

Plea agreements have long been held to be "not only an essential part of the [criminal justice] process but a highly desirable part for many reasons."[108]  In that regard, if a plea was made as a result of promises, "the essence of these promises must in some way be made known."[109]  More importantly, if the plea was induced by the promise or agreement of the prosecution, "such promise must be fulfilled."[110]

However, until a plea agreement has been accepted by the court, it is without constitutional significance.[111]  Accordingly, any promise to recommend a particular sentence by the prosecution is not a deception, nor does the resulting plea rest on any unfulfilled promise if the prosecution does, in fact, recommend the sentence it agreed to recommend. Notwithstanding that the trial court rejected the recommended sentence, any plea resulting therefrom thus "fully satisfie[s] the test for voluntariness and intelligence."[112]

---

[107] *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (quoting *United States v. Cieslowski*, 410 F.3d 353, 358-59 (7th Cir. 2005)).

[108] *Santobello v. New York*, 404 U.S. 257, 261 (1971).

[109] *Id.*

[110] *Id.* at 262.

[111] *Marby v. Johnson*, 467 U.S. 504, 507 (1984).

[112] *Id.* at 510.

**D.    Smith's claim that the state trial court "abused its discretion in denying [Smith's] motion to withdraw [his] guilty plea before sentencing" should be dismissed as stating a non-cognizable state law claim.**

I note initially that the State has failed to recognize that this claim, which was argued in state court only as a matter of state law, is a non-cognizable claim for federal habeas purposes.  Indeed, as noted earlier, the State maintains in its return of the writ that, because Smith did not show on appeal that the decision to deny his motion to withdraw was "arbitrary and capricious," this Court should deny federal habeas relief.[113]  However, the State here does not cite any federal law supporting the appeals court's conclusion that a denial of a motion to withdraw guilty plea is valid so long as it is not arbitrary or capricious, nor does it explicitly claim that the state court decision was not an unreasonable application of, nor contrary to, clearly established federal law pertaining to guilty pleas.

In fact, this Court has previously recognized that a claim that an Ohio trial court abused its discretion in denying a motion to withdraw a guilty plea, solely made pursuant to Ohio Criminal Rule 32.1, does not state a cognizable claim for habeas relief and so should be dismissed.[114]  Accordingly, insofar as ground one claims that Smith is entitled to federal habeas relief because the Ohio trial court abused its discretion as a matter of Ohio law in denying his motion to withdraw his guilty plea, I recommend that such claim be dismissed as non-cognizable.

---

[113] ECF # 8 at 20-21.

[114] *Johnson v. Hudson*, No. 4:08-cv-149, 2009 WL 1203400, at *7 (N.D. Ohio April 30, 2009).

**E.**     **Alternatively,  if Smith's claim is construed as asserting that his guilty plea was invalid because he did not understand the plea or it was induced by ineffective counsel, that claim should be denied as without merit pursuant to *de novo* review.**

I note at the outset that although Smith has consistently framed his claim in ground one as one relating to alleged abuse of discretion by the trial court in denying his motion to withdraw, his broader arguments in that regard assert that he did not understand the plea and/or that the plea was the result of ineffective assistance of counsel.  Inasmuch as no Ohio court has reviewed the circumstances of the plea with any federal constitutional allegations in mind and pursuant to federal law pertaining to a valid plea, a review of the Ohio decisions must be *de novo*, and not with modified deference.

As to any purported lack of understanding by Smith of this plea, the plea hearing itself[115] contains statements by Smith's counsel that he had spoken to Smith about the facts that would come out at trial and that no promises or threats had been made to induce the plea.[116]  Smith's only stated concerns to the court related to clarifying how the plea would reduce the felony levels on each count.[117]

Moreover, the trial court, on the record, emphasized to Smith that this plea would have implications for Smith's parole and that both counts carried a "presumption of incarceration."[118]  Significantly, Smith then affirmatively told the court that he understood

---

[115] ECF # 10, Ex. 6.

[116] *Id.* at 5.

[117] *Id.* at 5-6.

[118] *Id.* at 6-9.

the court's explanation of the plea and further denied that anyone had promised him anything not related in court to induce his plea.[119]

Smith then admitted his guilt as to each charged offense and the trial court noted that Smith had "consulted extensively" with his counsel in preparation for making his pleas, thus providing a basis for the court accepting the pleas as "voluntarily and intelligently [made] and in compliance with Criminal Rule 11."[120]

In addition to the details contained in the plea colloquy, the record created when the trial court considered the motion to withdraw the plea (which was done as part of the sentencing colloquy) is also instructive in relation to the present habeas claim.  In this hearing, Smith's only stated reason for wishing to withdraw his plea – and only complaint concerning his representation by his attorney –  centered on his guilty plea to the attempted aggravated burglary.[121]

Smith contended that his problem with pleading guilty to this charge was that he didn't "deliberately" break the door of the victim's apartment during their fight, falling through the door into the apartment.[122]  "I feel [my attorney] could prove if he had more time or chose to have more time, that this wasn't deliberate, as the charges stand."[123]

---

[119] *Id.* at 9.

[120] *Id.* at 10.

[121] *Id.* at 13.

[122] *Id.*

[123] *Id.*

The court then reminded Smith that he indicated at the plea hearing that his plea was voluntary.[124]  Smith agreed that he had told the court his plea was voluntary, and that he had understood "most" of the rights he was waiving by entering a plea.[125]

After denying the motion to withdraw the plea,[126] the court proceeded to sentencing. In reviewing the case, Smith's counsel told the court that he and Smith had spoken "extensively" with the victim prior to making the plea, and that he had shared the victim's medical records with Smith.[127]  He further informed the court that he had told Smith prior to the plea that while there were "no guarantees" as far as a sentence, the court would "be considering community sanctions" in a case like this.[128]

Counsel then reviewed the evidence, noting on the record that the evidence indicated that Smith, while drunk, initiated a fight with the victim that moved into the apartment house hallway.[129]  There, as part of the fight, the door to the victim's apartment was broken open and the fight participants fell into that apartment.[130]  On these facts, Smith's counsel told him that "if we went to trial on this thing, he could be convicted of aggravated burglary."[131]

---

[124] *Id.* at 14.

[125] *Id.*

[126] *Id.* at 16.

[127] *Id.* at 17.

[128] *Id.* at 18.

[129] *Id.* at 21.

[130] *Id.*

[131] *Id.*

Smith's counsel acknowledged that the evidence was clear that Smith had initiated the fight with the victim that resulted in Smith biting the victim's ear, and that, in the course of the fight, Smith had broken the door to the victim's apartment and fallen inside.  However, defense counsel argued that these admitted actions were not motivated by malice toward the victim, but rather caused by "a lot of alcohol" being consumed by Smith.[132]  Smith's attorney then asked the court, "based on the facts, and based on the drinking, and based on the lack of permanent injury [to the victim]," to impose a sentence of community control.[133]

Smith then addressed the court.  Consistent with his earlier statements, he began by saying that "even though I pled guilty to attempted aggravated burglary, I'm innocent of the burglary charge."[134]  The court immediately questioned Smith:

> The Court:  You did, without permission, enter the apartment of the victim, right?
>
> The Defendant:  Excuse me?
>
> The Court:  Without the permission of the victim, you did enter his apartment during the course of the fight, right?
>
> The Defendant:  Yeah.  When we was fighting, we fell through the door and kept on fighting in his apartment.[135]

---

[132] *Id.* at 22-23.

[133] *Id.* at 23.

[134] *Id.* at 24.

[135] *Id.*  I note that although Smith here directly admitted to remembering that the fight he began resulted in the victim's door being forced open with the fight continuing inside the victim's apartment, he later professed not to recall that same event.  "The Court: '[The victim] claims you kicked his door down.'  The Defendant:  'I don't remember that.'"  *Id.* at 30.  This apparent discontinuity of Smith's recollections of events may be explained by

-27-

Notwithstanding Smith's claim that his plea to attempted aggravated burglary was in error because he didn't "deliberately" break down the door of the victim's apartment and gain entry to it during a fight, the colloquy makes plain that:

(1)     Smith, in fact, admitted he did enter the victim's apartment without permission as a consequence of a fight;

(2)     Smith's defense counsel was concerned – and told Smith of his concern – that this admitted action by Smith could likely result in Smith being convicted of aggravated burglary if the matter went to trial;

(3)     given this, defense counsel sought, and the state agreed, to a reduction of the aggravated burglary charge to a lesser crime – attempted aggravated burglary – so as to allow Smith to be sentenced to a lesser degree felony;

(4)     Smith had extensive conversations prior to entering his plea with his counsel over what the facts were and what the state might prove, along with receiving the medical evidence regarding the injury to the victim;

(5)     counsel's defense strategy, given that the facts known at the time, was to obtain a reduction in charges from the state in exchange for a plea, and then  to argue for community control rather than prison because Smith was intoxicated and had no animus against the victim; and

(6)     the trial judge carefully went through the process of showing Smith, by his own answers, that he was actually guilty of the crime to which he had pleaded guilty.

Based on the foregoing, I recommend finding, on *de novo* review, that Smith's counsel was not constitutionally ineffective and that Smith's pleas were thus validly made.

First, there is no evidence of ineffective performance.  In that regard, I recommend finding that counsel's actions are consistent with a reasonable defense strategy given the

---

the fact that Smith also admitted, during the same colloquy, that he was "hampered by a high level of intoxication" at that time.  *Id*. at 27.

facts known about the case at the time.  Specifically, the record shows that defense counsel's goals of obtaining reduced charges for a plea and then arguing for a sentence of community sanctions were reasonable objectives in light of the clear evidence of Smith's guilt, particularly Smith's admission and the testimony of the victim.

Further, inasmuch as this evidence of guilt was not disputed (nor could it be to any significant degree given Smith's own admitted high level of intoxication, rendering his own testimony to the contrary , if any, of reduced value), there seems to be little basis, as Smith asserted, for finding ineffective assistance in not ordering D.N.A. tests on blood drops in the hallway or in not pursuing other witnesses.  In addition, there is no evidence in the record at that time that either the court or defense counsel was aware of any potential impairments to Smith's ability to enter a plea, such as would put the court on notice of any problem with the plea being unknowing or involuntary, or such as would require defense counsel to investigate Smith's competence before recommending a plea.

In the end, although Smith may yet wish he had gone to trial and not entered a plea because:  (1) his plea did not yield the result (a sentence of community control, not prison) he had hoped for; or (2) he still does not fully understand how admittedly breaking into another's apartment subjected him to conviction for burglary; these feelings are not the basis for concluding, under the first prong of *Strickland*, that Smith's counsel provided constitutionally defective representation during the plea process.

And since I am recommending that no ineffective conduct be found, there is no basis for conducting an analysis under the second element of *Strickland* as to whether any constitutionally defective conduct of defense counsel also prejudiced Smith.

Accordingly, to the extent ground one is viewed not as a purely state law claim, but is analyzed in light of the ineffective assistance arguments of ground three as a claim that Smith's pleas were not voluntary or intelligent due to ineffective assistance of trial counsel, I recommend that such claim be denied, after *de novo* review, on the basis that, pursuant to the *Strickland* standard, Smith's trial counsel did not provide constitutionally defective representation during the plea process.

**F.    Smith's claim that sentencing him for both attempted aggravated burglary and attempted felonious assault violated Ohio law and due process/double jeopardy as these were allied offenses of similar import should be dismissed as procedurally defaulted.**

I note initially that the State has asserted that Smith has procedurally defaulted this claim by not presenting it to any state court.[136]  Smith has responded that he did raise the issue in his Rule 26(B) application, and carried it through to the Ohio Supreme Court on appeal.[137]

In fact, Smith did present the claim in his Rule 26(B) application, arguing that his appellate attorney was ineffective for not raising the issue that the trial court "abused his discretion and violated [the] 5th Amendment U.S. Constitution, Double Jeopardy and 14th Amendment U.S. Constitution, fair proceedings under due process" when the judge

---

[136] ECF # 8 at 14.

[137] ECF # 15 at 5.

sentenced him on both counts under the plea agreement.[138]  However, as the State notes, the Ohio appeals court found Smith's Rule 26(B) petition barred by *res judicata* and Smith did not appeal from that denial.[139]

But Smith also raised the same claim in his motion to vacate,[140] which was filed prior to the Rule 26(B) petition.  Nonetheless, as is recounted above, the Ohio appeals court eventually denied Smith's appeal from the trial court's denial of this motion to vacate and Smith also did not appeal this to the Supreme Court of Ohio.

Thus, in both instances Smith failed to afford the State one full round of review on these claims by not appealing denials of his claims to the Supreme Court of Ohio, and he may not now file a delayed appeal from the denial of a postconvction appeal.[141]  Accordingly, the claim in ground two that Smith's concurrent sentence violates due process – a claim originally asserted in the Rule 26(B) petition and/or in the petition to vacate or set aside – is procedurally defaulted and should here be dismissed.

---

[138] ECF # 10 at 168.

[139] ECF # 8 at 4.

[140] ECF # 10 at 197.

[141] *See*, Ohio Supreme Court Practice Rule II (2)(A)(4)(c).  "The provision for delayed appeals ... does not apply to appeals involving postconviction relief....  The Clerk shall refuse to file motions for delayed appeal involving postconviction relief."

## Conclusion

For the foregoing reasons, I recommend that this petition for habeas relief be denied in part and dismissed in part.

Dated:   August 27, 2009                          s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[142]

---

[142] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).